

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00154-CR
_____

EX PARTE FRANCES COLE

---

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. F19-1839-362

---

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

In 2023, Frances Cole was convicted of third-degree felony theft, and this court affirmed her conviction. *See* Tex. Penal Code Ann. § 31.03(e)(5); *Cole v. State*, No. 02-23-00006-CR, 2023 WL 4781203, at *1 (Tex. App.—Fort Worth July 27, 2023, no pet.) (mem. op., not designated for publication).

In January 2024, Cole filed an application for habeas corpus relief under Texas Code of Criminal Procedure Article 11.07, seeking a new punishment trial. The trial court signed an order recommending that Cole's requested relief be denied and instructing the trial court clerk to forward Cole's application, along with the trial court's order, to the Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07. The Court of Criminal Appeals recently denied her application.

Meanwhile, Cole filed a notice of appeal from the trial court's order. But only the Court of Criminal Appeals may consider postconviction habeas corpus relief under Article 11.07. Tex. Code Crim. Proc. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Accordingly, we notified Cole of our concern that we lacked jurisdiction over her appeal. We warned her that we could dismiss her appeal unless she or any other party showed grounds for continuing the appeal. *See* Tex. R. App. P. 43.2(f).

Cole has filed a response. She contends that her appeal to this court is authorized by Texas Code of Criminal Procedure Article 44.02 and Texas Rule of Appellate Procedure 31. *See* Tex. Code Crim. Proc. Ann. art. 44.02 (providing that "[a]

defendant in any criminal action has the right of appeal"); Tex. R. App. P. 31.1 (relating to briefs and records in appeals from habeas orders). She asserts that "an appellant has the right to appeal when a trial court 'enters' an appealable order by signing a written order."

The authority cited by Cole does not confer on this court any jurisdiction over her appeal. Rather, as we noted above, jurisdiction to grant postconviction habeas corpus relief under Article 11.07 on a final felony conviction rests exclusively with the Court of Criminal Appeals.[1] *Keene*, 910 S.W.2d at 483; *see Ex parte Lauderdale*, No. 04-17-00063-CV, 2017 WL 1161171, at *1 (Tex. App.—San Antonio Mar. 29, 2017, no pet.) (per curiam) (mem. op.) (construing Article 11.07 and noting that "[o]nly the Court of Criminal Appeals possesses authority to grant relief in post[ ]conviction habeas proceedings when, as here, there is a final felony conviction"); *see also Olivio v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) ("The Rules of Appellate Procedure do not establish courts of appeals' jurisdiction."). Because Cole has not provided any ground on which this court may exercise jurisdiction, we dismiss her appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

---

[1]Article 11.072 gives intermediate appellate courts jurisdiction over habeas proceedings in which the applicant seeks relief from an order or a judgment ordering community supervision. Tex. Code Crim. Proc. Ann. art. 11.072, § 8. However, Cole seeks relief under Article 11.07.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 1, 2024